UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANIEL TEKLEMARIAM HAGOS,

          Plaintiff,

v.

ERIC MUNOZ, JONATHAN CRUZ, MICHAEL SNYDER, EMMA CARLIN,

          Defendants.

Case No. C21-1640 JLR-TLF

ORDER TO SHOW CAUSE

This matter is before the Court on plaintiff's filing of a civil rights complaint. Plaintiff, a pretrial detainee, has been granted *in forma pauperis* status in this matter and is proceeding *pro se*. Considering deficiencies in the complaint discussed below, however, the undersigned will not direct service of the complaint at this time. On or before **February 25, 2022**, plaintiff must either show cause why this case should not be dismissed or file an amended complaint.

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

ORDER TO SHOW CAUSE - 1

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, though, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff's complaint appears to relate to the circumstances of his arrest. Dkt. 7, at 5. He alleges that the named police officers "fabricated probable cause", did not read him his Miranda rights, and did not give him the opportunity to stand in a lineup after his arrest. *Id.* He also alleges that named defendant Emma Carlin did not provide him with effective assistance of counsel in relation to the subpoenas either served or not served on the Police Officers. *Id.* at 7. Plaintiff claims that both his 4th and 14th Amendment rights were violated, and he is seeking $900,000 for punitive damages. *Id.* at 9.

The Court cannot properly discharge its screening responsibility under § 1915A until plaintiff complies with the pleading requirements set forth in Rule 8 with respect to

ORDER TO SHOW CAUSE - 2

their claims. In this regard, plaintiff should list his factual allegations according to each of the claims plaintiff is asserting rather than describing all of their factual allegations together. In addition, in order to state a claim, plaintiff must include more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 555-557 (2007). A claim must be supported by factual allegations that show facial plausibility; in other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937,1949 (2009).

     A. <u>Younger Abstention</u>

     A plaintiff may not challenge the propriety of ongoing state criminal proceedings in a 42 U.S.C. § 1983 lawsuit. Federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). The *Younger* abstention doctrine requires that a district court abstain from intervening in state proceedings if those proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted).

     Here, the heart of plaintiff's claims is a challenge to an ongoing state court criminal prosecution. Thus, his claims meet each of the *Younger* factors.

     First, plaintiff identifies himself as a pre-trial detainee. Dkt. 7 at 2. He contends that an illegal search and seizure led to him being falsely arrested and now, "illegally

confined". *Id.* at 5.  He also claims that he was not read his Miranda Rights. *Id.*  It appears that his criminal matter is ongoing.

As to the second *Younger* element, because plaintiff's underlying matter involves a criminal prosecution, it implicates important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43–44. Third, there is nothing to indicate that plaintiff cannot raise in his criminal case the wrongful arrest, seizure, and due process claims he raises here. Fourth, plaintiff raises claims that would effectively invalidate the ongoing state judicial proceeding. As *Younger* abstention applies to plaintiff's claims, plaintiff's complaint fails to state a claim upon which relief can be granted.

B.  Improper Defendant – Emma Carlin

Plaintiff also seeks to recover damages against his public defender, Emma Carlin. But, a state public defender performing traditional lawyer functions is not a state actor. *Polk County v. Dodson,* 454 U.S. 312, 324-25, 102 S.Ct. 445, 70 L.Ed. 509 (1981); *Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2002). Accordingly, to the extent plaintiff seeks to recover damages against his public defender for her actions as his public defender, his claim is not cognizable under §1983.

The Court also notes that even if plaintiff's public defender were a state actor for the purposes of § 1983, a finding that plaintiff's public defender was ineffective would also necessarily interfere with plaintiff's ongoing criminal proceedings and the Court would likely be required to abstain from deciding that issue under *Younger*.

**CONCLUSION**

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may show cause why his complaint should not be dismissed or may file an amended complaint to cure, if possible, the deficiencies noted herein, **on or before February 25, 2022**. If an amended complaint is filed, it must be legibly rewritten or retyped in its entirety and contain the same case number. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it states a claim for relief cognizable under 42 U.S.C. § 1983. If the amended complaint is not timely filed or fails to adequately address the issues raised herein, the undersigned will recommend dismissal of this action as frivolous under 28 U.S.C. § 1915, and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). Plaintiff is advised that a prisoner who brings three or more civil actions or appeals that are dismissed on the grounds that they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal *in forma pauperis*, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service, a copy of this Order and the *Pro Se* Information Sheet.

1 | Dated this 21st day of January, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 6