UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIEL TEKLEMARIAM HAGOS,<br><br>             Plaintiff,<br>    v.<br><br>ERIC MUNOZ, JONATHAN CRUZ,<br>MICHAEL SNYDER, EMMA CARLIN,<br><br>             Defendants. | Case No. C21-1640 JLR-TLF<br><br>REPORT AND<br>RECOMMENDATION<br><br>NOTED FOR APRIL 11, 2022 |

This matter comes before the Court on plaintiff's filing of an amended complaint. Dkt. 9. Plaintiff is proceeding *pro se* in this matter, which has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4. For the reasons discussed below, plaintiff's amended complaint remains fatally deficient, and therefore the Court should dismiss this action without prejudice prior to service for failure to state a claim upon which relief may be granted.

BACKGROUND

Plaintiff, a pretrial detainee, initiated this matter on December 6, 2021. Dkt. 1. The Court screened the complaint and found it deficient. Dkt. 8. The Court noted that the "heart of plaintiff's claims is a challenge to his criminal prosecution," because plaintiff contended he was falsely arrested and thus, "illegally confined". Dkt. 8, at 3. He also claimed that he was not informed of his Miranda Rights. *Id.* The Court determined

REPORT AND RECOMMENDATION - 1

that it was required to abstain from intervening in the state proceedings by *Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). Dkt. 8, at 3-4.

In addition, plaintiff named an improper defendant, Emma Carlin, who represented plaintiff, as a state public defense attorney. Plaintiff was informed that to the extent plaintiff sought to recover damages against his public defender for her actions as his lawyer, his claim was not cognizable under §1983. *Id.* at 4. The Court ordered plaintiff to show cause why his complaint should not be dismissed or to file an amended complaint to cure, if possible, the noted deficiencies. *Id*. at 5.

Plaintiff filed an amended complaint, in which he continues to assert that he was wrongfully arrested and was not read his Miranda Rights. Dkt. 9 at 4-5. Although he does not name Ms. Carlin as a defendant, he nevertheless asserts the same ineffective assistance of counsel claim against Ms. Carlin. *Id.* at 8-9.  Also, plaintiff filed a response to the order to show cause. Dkt. 10. In his response, plaintiff appears to be asserting his right to cross-examine witnesses. *Id.* at 1-2.

## DISCUSSION

A. Legal Standard

The Court must dismiss the complaint of a prisoner "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her

1 complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997) (en banc). On the other hand, leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989)).

Moreover, the Court need not grant endless amendments. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend may properly be denied for "repeated failure to cure deficiencies by amendments previously allowed"); *Chodos v. West Publ'g. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad." (citation and internal quotation marks omitted)).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) plaintiff suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step is to identify the specific constitutional or statutory right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981).

B.  **Plaintiff's Amended complaint**

Plaintiff's amended complaint does not cure the deficiencies identified in the Court's prior order and fails to state a claim upon which relief can be granted.

1.  **Younger Abstention**

Plaintiff was previously advised that a plaintiff may not challenge the propriety of ongoing state criminal proceedings in a 42 U.S.C. § 1983 lawsuit. Dkt. 8 at 3-4. Federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). The *Younger* abstention doctrine requires that a district court abstain from intervening in state proceedings when: "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (quoting *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).

Plaintiff continues to challenge his ongoing criminal proceedings in the amended complaint. Dkt. 9. Each of the *Younger* factors exists here. First, plaintiff identifies himself as a pretrial detainee and argues that the defendants wrongfully arrested him after he was allegedly subjected to an illegal search and seizure. *Id.* at 2. Second, because plaintiff's underlying matter involves a criminal prosecution, it implicates important state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Younger*, 401 U.S. at 43–44. Third, there is nothing to indicate that plaintiff cannot raise in his criminal case the wrongful arrest claims he raises here. Fourth, plaintiff raises claims that would

effectively invalidate the ongoing state judicial proceeding. Finally, plaintiff has alleged no facts raising any extraordinary circumstances demonstrating danger of great, immediate and irreparable harm.

*Younger* abstention bars plaintiff's claims, and plaintiff's complaint therefore fails to state a claim upon which relief can be granted.

2. <u>Improper Defendant- Emma Carlin</u>

In addition, despite the Court's explanation that state public defenders are improper defendants in §1983 cases, plaintiff continues to pursue damages against Ms. Carlin for ineffective assistance of counsel. *Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445, 70 L.Ed. 509 (1981); *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2002). Even if plaintiff's public defender were a state actor for the purposes of §1983, a finding that plaintiff's public defender was ineffective would also necessarily interfere with plaintiff's ongoing criminal proceedings and the Court would likely be required to abstain from deciding that issue under *Younger*.

## CONCLUSION

Because plaintiff already has been granted the opportunity to state a viable constitutional claim by filing an amended complaint – but the amended complaint remains fatally deficient without any indication the deficiencies discussed above can be cured – this action should be dismissed for failure to state a claim under 42 U.S.C. § 1983. As Plaintiff has failed to state a claim upon which relief can be granted, the Court also recommends that this dismissal count as a strike. *See* 28 U.S.C. § 1915(g).

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ.

P. 72(b); *see also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **April 11, 2022**, as noted in the caption.

Dated this 28th day of March, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge